# William Davis *v.* The State.

The judge of the circuit court, in all offences except capital crimes, may take bail after conviction, to secure the appearance of the prisoner to abide the sentence of the court.

The power to take bail in certain cases after conviction, existed at common law.

IN ERROR from the circuit court of the county of Hinds.

At the November term of the circuit court for the county of Hinds, an indictment was found by the grand jury against one I. G. Davis, for larceny. A capias was issued, and a recognizance given, which was satisfied by the appearance and surrender of the prisoner at the November term of the circuit court for Hinds county, 1836. After the surrender of the prisoner he was arraigned, pleaded, put upon his trial, and convicted. Before the circuit court pronounced the judgment of the law, upon the finding of the jury, the prisoner made application for bail, which the circuit court judge granted the prisoner, and took his recognizance, with William Davis his security, conditioned that he would attend upon the court from day to day, and abide by and perform the judgment of the court when rendered.

On the 26th day of November, 1836, the prisoner, I. G. Davis, upon being called to receive the judgment of the court, made default, his recognizance was declared forfeited, and judgment *nisi* rendered against the prisoner and William Davis, his security, and a *scire facias* ordered to be issued. At the January special term, 1838, the *scire facias* was returned executed on William Davis, the security, and plaintiff in error, who demurred to the *scire facias*, assigning but one cause of demurrer, denying the power of the court to grant bail to the prisoner after conviction, and before judgment, insisting that a recognizance so taken was void in law, and could not be the foundation of a judgment, which demurrer the court overruled, and this is the error assigned.

Foute, for plaintiff in error.

All the statutes giving authority to any officer or court to take recognizances of any person charged with any offence, clearly express, that such recognizance shall be for the *appearance of the party charged for trial,* or to *answer the charge,* and section 38, How. & Hutch. 671, provides for "continuance of them as *other processes,*" and that they shall remain in full force and effect, until disposed of by the court, "*without a renewal of the same,*" and directs justices of the peace and other officers to annex a condition to all recognizances, that the accused and his sureties shall continue liable, until the principal be discharged by due course of law.

What due course of law does discharge the principal? Certainly not the giving *a second or third recognizance; they* will neither discharge the principal and sureties, nor do they discharge the *first recognizance,* "which shall be continued as other processes, from term to term, and shall remain in full force, *until disposed of by the court,* without a renewal of the same."

How can the court dispose of a recognizance when taken? The ordinary modes are to discharge them, when the principal surrenders himself, or is surrendered by his sureties in discharge of the recognizance, or after acquittal, upon full trial, &c. On failure to appear when required by law, to answer, &c., judgment "*nisi*" is entered up, and *scire facias* ordered to issue, under the provisions of sec. 40, page 672, H. & H.

The record shows that appellant surrendered his principal, Isaac G. Davis, to the circuit court of Hinds county, in discharge of himself *before trial;* this surrender was accepted by the court, and the principal, I. G. Davis, ordered into custody of the sheriff, and was therefore no longer in custody of his bail.

This surrender of Isaac G. Davis, and acceptance by the court, did discharge "the principal" "*by due course of law,* from his bond or recognizance," and most certainly also discharged his bail or surety. If, then, the appellant's recognizance first given, was "*disposed of by the court,*" and the principal, Isaac G. Davis, and his surety, the appellant, *discharged* from said recognizance by "due course of law," by what authority could said recognizance be renewed? This could not be done. That recognizance was *functus officio,* and could be revived for no purpose. Hence it

William Davis *v.* The State.

could not be the foundation of any judgment *"nisi,"* and subsequent process of *scire facias,* judgment, &c. &c. The *scire facias,* judgment, &c. in this case, against appellant, cannot therefore be based upon the first recognizance given in this cause.    2 Bay's S. C. Rep. 34; 5 Cowen, 39.

The recognizance given after the trial and conviction of the principal, I. G. Davis, is unauthorized by any statute of this state, and void. But if not void, and taken in pursuance of law, the proceedings thereon by judgment nisi, scire facias, &c. as taken in this case, is without authority, and not supported by the provision of sec. 40, p. 672, How. & Hut. above referred to.

It is therefore only in cases where default is made upon recognizance, where the parties are bound to appear, being *charged with,* and not *convicted of* the commission of any crime or offence, that the proceedings by judgment nisi and scire facias can be taken.   It is only the failure to comply with the terms of recognizance, by the person so bound to appear and answer the charge that subjects the party to this proceeding; and a failure to appear and hear or receive judgment after conviction, does not expose the party giving a recognizance for such purpose to proceedings under this section.

The scire facias and subsequent proceedings against the appellant, are professedly based upon the last recognizance given.   See Recog. and sci. fa. p. 2 of rec.   And no scire facias, forfeiture or other proceedings are founded upon the recognizance first given, except defendant's surrender and discharge of (appellant's) bail therein.   See page 1 and 2.

From all which it appears manifest, first, that the first recognizance was vacated and discharged by the surrender of I. G. Davis, and the acceptance of that surrender by the court, from which appellant's discharge necessarily follows.   2 Am. Com. Law Rep. 115, cites 2 Bay's S. C. Reports, 34; see also Taylor's case, 5 Cowen, 39; and 15 Mass. Rep. Com. *v.* Trask.

Second, that a recognizance taken *after conviction* in a case like this, "to attend here (in court) from day to day and abide by and perform the judgment of said court, in the case of the state of Mississippi against him for larceny," (see middle of page 2,) was without authority and void; but if mistaken in this, then, third,

William Davis *v.* The State.

that no statute of Mississippi authorizes or prescribes the mode of proceeding upon *such* a recognizance, *so taken,* by scire facias, judgment nisi, &c. as has been taken in this case; and therefore this proceeding and judgment is erroneous.

The sixth error assigned is certainly well taken, the scire facias was joint against I. G. Davis, principal, and William Davis, appellant, security, and the sheriff made no return whatever of the sci. fa. as to I. G. Davis. See return page 5 of record.

The eighth error assigned must be sustained by a sound and reasonable construction of the statute relative to interest on judgments. See How. & Hut. This statute evidently applies only to recoveries and judgments in *civil actions* and upon contracts, and not to criminal cases or judgments in such cases in favor of the state on penalties or forfeitures.

Freeman, Attorney General, contra.

The principal question arising on the assignment of errors in this case is, whether the court below had power to take the recognizance on which the scire facias, judgment and execution is founded. The recognizance was taken after conviction for the crime of grand larceny, and is conditioned that the principal in the recognizance appear and abide the judgment of the court. The recognizance was forfeited, judgments nisi and final entered up, and execution issued.

It is contended by the opposing counsel that the statutes of this state confer no authority on the circuit court to bail in any case after conviction. This may be true, and it is equally true that the statutes of this state do not *prohibit* the circuit court from exercising this power. Does the power exist at common law? It does, in all bailable cases, with the consent of the attorney general, but not otherwise. 1 Chit. Crim. Law, 93; 4 Burrow's Rep. 25, 39, Rex *v.* Wilkes. In this case, which was argued at great length, all the judges agreed that, with the consent of the attorney general, the court could bail between conviction and judgment in bailable cases.

In the case at bar the state is the prosecutor; no objection to the granting of bail was made by the state; the district attorney stood by and permitted the bail to be granted. This is equivalent to the

common law consent of the attorney general. The bail was therefore properly granted, and the judgments and executions issued thereon regular.

The case cited in 2 Bay's S. C. Rep. does not vary this rule. There the attorney general *resisted* the motion to bail; in this case both parties consented to the granting of bail. The case in 15 Mass. Rep. is not in point. The case in 5 Cow. 39, does not raise the question at issue in the case at bar. There the question was, whether defendant was guilty of manslaughter or murder; here the question is as to the power of the court to bail after a conviction of the crime of grand larceny, until the court shall pronounce judgment.

With regard to the return of the scire facias, there was a separate judgment against both principal and surety, and a failure to return the scire facias, as to one of the parties, would not discharge the other.

The statute on the subject of interest on judgments is general, and covers judgments and decrees *in all cases*. See H. & H. p. 375, sec. 16. The variance between the recognizance and scire facias is not material.

Mr. Justice DAVIS stated the case and delivered the opinion of the court.

The only question which this court can properly consider, is the one raised by the demurrer in the circuit court. Does (as is insisted by counsel) the 17th section of the 1st article of the constitution of the state of Mississippi, which declares that all persons before conviction shall be bailable by sufficient securities, except for capital cases, operate as an inhibition upon the powers of the circuit court to take bail from prisoners after conviction and before judgment? We think not. It is believed that that clause of the constitution was intended by its framers for the better security of the citizen against an improper exercise of discretion with which the common law clothed the judges of the courts; and to take from them all discretion whatever before conviction, only when it becomes necessary to discriminate between capital and minor offences; leaving the discretion of the judges to take bail after conviction and before judgment as it stood at common law. There was

a great necessity for that provision of the constitution, originating in the fact that judges, under the common law, were in the daily practice of committing prisoners to jail for offences less than capital.

It is insisted by the counsel for the plaintiff in error, that the cases of the Commonwealth *v.* Trask, 15 Mass. Rep. 277; Ex parte Taylor, 5 Cow. 39; State *v.* Conner, 2 Bay's S. C. Rep. 38, settle the doctrine that at common law the power to bail after conviction did not exist, and that all discretion ceased upon the part of the judges. After a very careful examination of those cases, we believe they do not warrant such a construction, but establish the very reverse of the proposition, so far as they are analogous to this case. The only point raised in the case of Trask, was in relation to the power of the court to allow bail to the prisoner before conviction, upon the facts presented by the testimony. The same question arose in the case of ex parte Taylor. It must, therefore, be true that they cannot be relied on to deprive the courts of the country of a power founded in justice, and intended in many instances that may arise to protect the citizens of the country from manifest oppression.

Conner's case is in all its features the same with the case now before the court, and must be conclusive in establishing the powers of the court, to grant bail after conviction and before judgment, when, from any peculiar circumstances, the court may think justice requires its interposition. Conner was convicted, and before the court passed sentence upon him, the attorney general moved the court to order the prisoner to jail. The application was resisted by the prisoner, upon the grounds that he desired an appeal to the supreme court of the state. The prisoner's right to bail was fully considered by the court, and refused. It was not denied in that case, however, even by the attorney general, but that the court possessed the power to grant bail after conviction; nor did the court so determine. But, on the contrary, the court determined that, in cases where the punishment was only fine and imprisonment, the court would exercise its discretion so far as to allow bail when the peculiar circumstances of the case would seem to justify it. While we admit the power of the judges to take bail after conviction, we think it should be exercised with great cau-

William Davis *v.* The State.

tion, and only in minor offences, where the peculiar circumstances of the case render it necessary and proper.

In the case of Conner, the supreme court, to which an appeal was taken, after confirming the judgment of the circuit court, remarked, that they would take an opportunity of expressing their opinion in favor of the refusal of the circuit court to admit a defendant to bail after his conviction in a case so highly criminal, but admitted the necessity of the exercise of a sound discretionary power, even after conviction. The power of the court to admit to bail after conviction is no where denied, in cases which are the legitimate subject of bail.

We think the court did right in overruling the demurrer in this case. The judgment must be affirmed.